**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:18CV41**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| APPOXIMATELY $2,517.00 IN FUNDS ) | |
| SEIZED FROM ROXIE MAXINE KITTS, ) | |
| ) | |
| Defendant. ) | |

Now comes the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1. This is a civil action *in rem* against approximately $2,517.00 in United States Currency seized from Roxie Maxine Kitts pursuant to the provisions of 21 U.S.C. § 881 and 18 U.S.C. § 981.

2. This civil action is brought against Defendant Property which, upon information and belief, was proceeds traceable to an exchange for a controlled substance and was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

3. Property which is proceeds traceable to an exchange for a controlled substance or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841 is subject to forfeiture to the United States, as provided by 21 U.S.C. § 881(a)(6).

1

4. Procedures for this action are mandated by 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

6. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

7. The Defendant Property has been seized, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

8. The Defendant Property is all present and future interest approximately $2,517.00 in United States Currency seized from Roxie Maxine Kitts.

9. This action seeks the forfeiture of all right, title, and interest in the above-captioned property because, upon information and belief, it is the proceeds of and/or was used to facilitate drug trafficking crimes.

**FACTUAL BACKGROUND**

10. On August 16, 2017, Sergeant Brian Atkins of the Polk's County Sherriff's Office was conducting surveillance as part of ongoing investigation in conjunction with the Drug Enforcement Administration (DEA) into the trafficking of illegal substances in High Intensity Drug Trafficking Areas (HIDTA).[1]

---

[1] The High Intensity Drug Trafficking Areas (HIDTA) program, created by Congress with the Anti-Drug Abuse Act of 1988, provides assistance to Federal, state, local, and tribal law enforcement agencies operating in areas determined to be critical drug-trafficking regions of the United States. This grant program is administered by the Office of National Drug Control Policy (ONDCP). There are currently 28 HIDTAs, which include approximately 18 percent of all counties in the United States and 66 percent of the U.S. population. HIDTA-designated counties are located in 49 states, as well as in Puerto Rico, the U.S. Virgin Islands, and the District of Columbia.

2

11.     At approximately 2:30 p.m., Sergeant Atkins of the Polk County Sheriff's office was conducting patrol on Interstate 26 Eastbound in Polk County North Carolina. Interstate 26 is a known narcotics corridor in Western North Carolina.

12.     Sergeant Atkins was in the area of mile marker #67 when he observed a Red Chevrolet Trail Blazer traveling on I-26 Eastbound.

13.     Sergeant Atkins observed the Trailblazer change lanes for no apparent reason and Sergeant Atkins subsequently pulled his vehicle behind the Trailblazer to identify the tag.

14.     Sergeant Atkins observed the Trailblazer cut another vehicle off on I-26 and he subsequently conducted a traffic stop on the vehicle.

15.     During the stop, Sergeant Atkins identified the driver as a female by the name of Roxie Maxine Kitts ("Kitts").

16.     During conversation with Kitts, Sergeant Atkins asked her the nature of her travel and she stated she was traveling from Tennessee to Columbia South Carolina to see her doctor.

17.     Sergeant Atkins later obtained consent to search the vehicle and waited for other Deputies to arrive on the scene.

18.     Sergeant Atkins contacted DEA Task Force Officer Tyler Thomas by phone and TFO Thomas began to direct Sergeant Atkins as to the investigation into Kitts connection, if any, to drug trafficking.

19.     Polk County Sherriff's Office Sergeant Cole Weicker arrived at the scene and Sergeant Weicker and Sergeant Atkins began searching Kitts' vehicle.

20.     During the search of her vehicle several prescription pill bottles were located in a bag inside the car and several of them were out of date by over two years.

21. Officers also located Oxycodone pills in some of the bottles and a container on her keychain containing Oxycodone pills.

22. Officers also located $2,517.00 in U.S. Currency inside a pocket book and wallet during the search.

23. Sergeant Atkins and Sergeant Weicker also found a handgun inside the vehicle during the search.

24. Task Force Officer Tyler Thomas remained on the phone with Sergeant Atkins and continued to direct him into the investigation of whether or not a relationship existed between the pills and the subject property.

25. Kitts was arrested and transported to the Polk County Jail where she was charged on state charges of trafficking in Opiates, possession with intent to sell a schedule IV controlled substance, maintaining a dwelling/vehicle and carrying a concealed gun.

26. Kitts was also interviewed by narcotics detectives while at the Polk County Jail.

27. During the interview, Kitts was advised of her Miranda rights and agreed to speak with Officers further.

28. While speaking with Officers, Kitts admitted that she would drive from Tennessee to South Carolina routinely to see a family doctor and that issued her multiple prescriptions.

29. Kitts also admitted that she trafficked the prescription pills back to Tennessee for the purpose of illegal sale.

30. Among the pills she sold, Kitts listed Oxycodone, Diazepam, and Xanax.

31. Kitts signed a consent form to allow the Officers to search her cell phone.

32. During the search of her phone, several text messages were located which corroborated her statement about selling her prescription pills.

33. Following Kitts' interview, and based on the facts surrounding Kitts' arrest, Task Force Officer Thomas directed Sergeant Atkins to seize the currency which Kitts admitted was used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances.

34. In January 2018, Kitts plead guilty in Polk County, North Carolina, to Misdemeanor Carrying a Concealed Gun.

**PRAYER FOR RELIEF**

35. By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

36. Upon information and belief, the following persons may have or claim an interest in the defendant property:

> Roxie Marie Kitts
> 156 Lincoln Road
> Maryville, TN 37804
>
> Douglas Pearson, Esq.
> 611 N. Church Street
> Suite 109
> Hendersonville, NC 28792

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

Respectfully submitted this 16th day of February, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s Tiffany Mallory Moore
Assistant United States Attorney
GASB #744522
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: tiffany.moore2@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

## VERIFICATION

Dan Guzzo deposes and says under penalty of perjury:

I am a Special Agent with the Drug Enforcement Agency and an agent assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Dan Guzzo

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I certify that Dan Guzzo personally appeared before me this day and acknowledged to me that she signed the foregoing document.

This the 16th day of February, 2018.

_____
Notary Public

BRODY J COLE
NOTARY PUBLIC
BUNCOMBE COUNTY
STATE OF NORTH CAROLINA

My Commission Expires: April 22, 2019